FRANK GABBIA, APPELLANT, v. JENNIE SPROVIERO, RESPONDENT.

Submitted May 28, 1925—Decided October 19, 1925.

Upon proof that as the automobile in which the appellant was riding reached the corner of a right angle crossing it was struck on the left side by a bus approaching without warning on its left at a fast rate of speed, and that the bus did not stop until it had gone a distance of one hundred to one hundred and fifty feet, the negligence of the bus driver became a question for the jury in view of the right of way accorded the driver of the automobile by the Traffic act.

On appeal from the Supreme Court.

For the appellant, *Weinberger & Weinberger*.

For the respondent, *Alexander MacLeod*.

The opinion of the court was delivered by

LLOYD, J.   A verdict was directed for the defendant in this case by the learned trial judge, and from that ruling this appeal is taken.   The action was to recover damages for injuries sustained by the plaintiff below in a collision which occurred at the corner of Midland avenue and Passaic avenue, near the town of Garfield, at seven forty-five o'clock on the night of October 27th, 1923, between the automobile in which plaintiff was riding and the defendant's bus.   Midland avenue runs north to Passaic avenue, offsets to the right, and continues on.   Passaic avenue runs east and west.   The automobile was going north on Midland avenue and the bus was going east on Passaic avenue.   As the automobile turned to the right on Passaic avenue the collision occurred.

The verdict was directed on the ground that there was no evidence of negligence in the bus driver.   This conclusion we think was not justified.   While three of the plaintiff's witnesses testified that they did not see the bus before the collision, they all said that the automobile was hit on the left

side, and one of them said the car got to the corner first. There was also evidence that the bus was traveling at a fast rate of speed, that it approached the corner without warning, and that it did not stop until it had gone a distance of one hundred to one hundred and fifty feet further down the street. The plaintiff was a passenger in the car of one Di Silvo. Assuming that Di Silvo was operating his car with due care, the act of 1915, page 289, gave him the right of way, and it was the duty of the bus driver to accord the automobile uninterrupted passage. We think, upon the above proofs, there was sufficient to indicate a want of care in the operation of the bus, and that the case should have been submitted to the jury on the plaintiff's proofs.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, JJ. 14.